UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JACOB BLEVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:18-CV-190-REW |
| v. | ) | |
| | ) | |
| EASTERN KENTUCKY UNIVERSITY, et al., | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff moved "for leave to join [two] additional parties[.]" DE #30 (Motion). Defendants opposed. DE #31 (Response). Plaintiff did not reply. *See* LR 7.1(c). The matter is ripe for consideration.

On March 21, 2018, Jacob Blevins sued Eastern Kentucky University, Jacquelyn Pegram, and Bethanie Gamble. DE #1 (Complaint); *see also* DE #4 (Answer). The claims generally arise from Blevins's unhappy experiences in, and ultimate expulsion from, EKU's nursing program. *See generally* DE #1. The parties are currently litigating the case, and, under the applicable deadline, *see* DE #24, Plaintiff timely moved to amend the complaint. *See* DE #30. Specifically, Plaintiff seeks to add as party-defendants Kristine Petrey and Connie Hubbard. *See* DE #30, at 4. The motion cites no law and fails to specify the particular claims Blevins wants to make against Petrey and Hubbard. Plaintiff attached no proposed Amended Complaint. Defendants oppose the generalized amendment effort on substantive futility and procedural grounds. *See generally* DE #31 & 6 n.1.

1

In this context, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants oppose the proposed amendment, so the question becomes whether justice requires the Court to give leave.

"Implicit" in Rule 15 "is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906-07 (6th Cir. 2002) (citing *Kostyu v. Ford Motor Co.*, 798 F.2d 1414, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986) (table), which affirmed the denial of a motion to amend because the "plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make").[1] Defendants explicitly seek motion denial on this basis. DE #31, at 6 n.1. Plaintiff offers no opposition.

Blevins, as he does not contest, presents the same problem as did Dominguez, in *Roskam*, and Kostyu: he did not present a proposed Amended Complaint, thereby preventing the Court's review of "the substance of the proposed amendment." *Roskam*, 288 F.3d at 906; *Kostyu*, 1986 WL 16190, at *2. Blevins did not even engage in "a bare naming of [any] claim" he desired to assert. *See Roskam*, 288 F.3d at 907. Revealingly, Plaintiff's proposed order purports merely to generally "add[]" Petrey and Hubbard "as defendants," untethered to any particular claim. *See* DE #30-1. Plaintiff presented no

---

[1] Intra-circuit district courts regularly rely on *Roskam* and *Kostyu* and deny motions to amend on this procedural ground. For but a few examples, *see Anders v. Shelby Cnty.*, No. 16-cv-2775-SHM-cgc, 2017 WL 4005453, at *3 (W.D. Tenn. Sept. 12, 2017); *Bedford v. Abushmaies*, No. 1:16-CV-1412, 2017 WL 3284879, at *3 (W.D. Mich. Aug. 2, 2017); *Lancaster v. United States*, No. 6:16-175-DCR, 2017 WL 937950, at *3 (E.D. Ky. Mar. 9, 2017); *Gilliam v. Crowe*, No. 3:16-cv-147, 2016 WL 3434026, at *3 (S.D. Ohio June 22, 2016); *Glick v. Farm Credit Servs. of Mid-Am., FLCA*, No. 5:09CV2273, 2010 WL 3118673, at *1 (N.D. Ohio Aug. 6, 2010).

proof and pleaded no facts; instead, he merely offered attorney argument in briefing that broadly described the generic nature of Blevins's beef with Petrey and Hubbard. This, under clear Sixth Circuit precedent, is an inadequate amendment effort. *See Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 n.7 (6th Cir. 2017) (describing the "problem" with the lack of a "proposed amendment" as being that "without viewing the proposed amendment, it is **impossible** for the district court to determine whether leave to amend should have been granted" (internal alterations removed) (emphasis added) (citing cases)); *see also id.* (rejecting the notion that district courts should have to "engage in a guessing game as to what the plaintiff might plead" in this context (internal alteration removed)); *Graham v. Fearon*, 721 F. App'x 429, 439 (6th Cir. 2018) (affirming denial of a "perfunctory" amendment request); *LaPine v. Savoie*, No. 16-1893, 2017 WL 6764085, at *2 (6th Cir. Aug. 11, 2017) ("Because LaPine did not provide the court with a copy of his proposed amended complaint in his first two motions to amend, the district court did not abuse its discretion in denying these motions.").

Accordingly, the Court **DENIES** DE #30.

This the 8th day of January, 2019.

Signed By:
*Robert E. Wier*
United States District Judge